IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES GYPSUM COMPANY | ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-596 |
| v. | ) ) ) | District Judge Steven C. Seeger |
| ECTEK INTERNATIONAL, INC., | ) ) | Magistrate Judge Jeffrey I. Cummings |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

On April 18, 2022, defendant Ectek International, Inc. ("Ectek") filed a motion to compel plaintiff United States Gypsum Company ("USG") to supplement its responses to various discovery requests and USG responded the following day. (Dckt. #153, 158). For the reasons set forth below, Ectek's motion to compel discovery is granted in part and denied in part.

**I.  BACKGROUND**

The facts of this case are more thoroughly summarized in the Court's recent memorandum opinion and order addressing USG's motions to compel. (Dckt. #157). Suffice to say that USG and Ectek are corporations that have developed and sold competing "panels" – materials used in the construction of commercial and residential buildings throughout the United States. Ameriform LLC previously served as Ectek's distributor in the United States.

Importantly, USG's panel is classified as "non-combustible" by ASTM International, a private international standards organization that promulgates safety standards for a variety of consumer products. For a building material to be classified as non-combustible under this standard, it must withstand "the ASTM E136," a thirty-minute test. The International Building

1

Code ("IBC") has adopted the ASTM E136 as its recommended standard for non-combustibility. Ectek's panel ("Armoroc") has not passed the thirty-minute ASTM E136, but it has passed a shortened, ten-minute version of the same test. USG alleges that although Armoroc has only passed the ten-minute test, Ectek has advertised it as a "non-combustible" building material when selling to American customers. According to USG, this constitutes a misrepresentation.

USG filed suit against Ectek and Ameriform on January 29, 2019, seeking compensatory and punitive damages. In October 2020, USG and Ameriform entered into a settlement agreement whereby USG's claims against Ameriform were dismissed with prejudice. (Dckt. #114). USG then filed a Second Amended Complaint dropping all claims related to Ameriform's conduct and seeking only injunctive relief against Ectek. (Dckt. #132). USG's remaining claims against Ectek allege false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 as well as unfair competition under Illinois common law.

Ectek filed a counterclaim against USG on May 6, 2019, accusing USG of false advertising and unfair competition under various federal and state laws. (Dckt. #24). Ectek alleges that USG "engaged in a systematic effort to mislead and confuse consumers . . . by repeatedly spreading false claims that [USG's] [panel] product was the only 'Non-Combustible' product available on the market, that the ASTM E136 test is a universally mandated test for combustibility for [panel] products, and that Armoroc could never be used in construction requiring non-combustible materials." (Dckt. #24 at 5, 8).

Discovery in this matter is coming to a close. On February 28, 2022, the District Court granted one final extension of discovery and ordered fact discovery closed on April 30, 2022,

and expert discovery closed on August 25, 2022. (Dckt. #147). On April 2, 2022, USG disclosed a link to 32,447 bates-stamped pages of additional documents to Ectek. (Dckt. #153 at 5). Ectek alleges that its counsel has not been able to access all of the materials and the ones that it has accessed are not searchable. (Dckt. #153 at 5). Ectek's difficulties accessing and finding the relevant documents prompted the instant motion to compel.

## II.  LEGAL STANDARD

A party may file a motion to compel under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request or when its response is insufficient. Fed.R.Civ.P. 37(a). Courts have broad discretion in resolving such disputes and do so by adopting a liberal interpretation of the discovery rules. *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D.Ill. 2018). Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F.Supp.3d 916, 924 (N.D.Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter."). Discoverable information is not limited to evidence admissible at trial. Fed.R.Civ.P. 26(b)(1).

## III.  ANALYSIS

Ectek asks that the Court order USG to produce three categories of information: (1) any facts or documents that support USG's claims that Ectek continues to market Armoroc in the United States and in Illinois using false or misleading information (including a 2018 Product Submittal Sheet); (2) the settlement agreement between USG and Ameriform, as well as any subsequent communications between the parties about compliance with that agreement; and (3)

documents related to the New York City Department of Buildings Materials and Equipment Acceptance certification of Armoroc. The Court will address each request in turn.[1]

### A. USG must provide information or documentation supporting its claims, as is required under the Mandatory Initial Discovery Pilot Project.

Under the Mandatory Initial Discovery Pilot Project, each party is required to list and produce all documents and information that the party believes "may be relevant to any party's claims or defenses." *See* Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project, Request No. 3. Since submitting its initial responses, USG has significantly narrowed its claims in this case. Most notably, it has dropped all claims against Ameriform and all claims seeking compensatory and punitive damages against Ectek. Because it now seeks only injunctive relief, USG will have to allege a nonspeculative likelihood of future harm in order to sustain its claims. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740-41 (7th Cir. 2014).

Mandatory initial discovery is "a continuing duty" and each party must "serve supplemental responses when new or additional information is discovered or revealed." *See* Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project, at 3. Despite this duty and the fact that this case has been pending for over three years, USG has not amended and updated its initial responses to mandatory discovery. Ectek particularly takes issue with the fact that USG has not identified any documents or information supporting its claims that Ectek "continues to make false representations to customers in Illinois and elsewhere in the U.S. about Armoroc's combustibility qualities and . . . continues to publish materials in Illinois and

---

[1] USG asserts that Ectek's motion is improperly before this Court because "[a]t no time prior to the filing of Ectek's Motion to Compel did Ectek formally request that USG supplement [the various discovery requests at issue]." (Dckt. #158 at 3). Ectek argues that it has repeatedly asked for each category of documents sought here. Without accepting either claim over the other, the Court declines to deny Ectek's motion on this basis. There are nine days remaining before the close of fact discovery. In the interest of expediency, the Court hopes to resolve all remaining fact discovery issues here.

elsewhere in the US that infringe on USG's registered copyright." (Dckt. #153 at 9). Ectek presently asks that the Court order USG to confirm whether any documents related to these claims were included in USG's April 2 disclosure and, if so, to identify those documents by Bates number. USG responds that (1) its initial disclosure was sufficient, (2) mandatory discovery does not require it to identify documents by Bates number, and (3) Ectek's request is unduly burdensome where nearly every document USG has produced potentially falls within mandatory discovery Request No. 3. (Dckt. #158 at 7).

      The Court finds that Ectek's request is reasonable. Ectek does not ask USG to direct it to every document responsive to mandatory disclosure Request No. 3, but only those that relate to two specific claims made in USG's SAC: namely, that Ectek is actively misrepresenting Armoroc to American consumers and that Ectek is actively infringing on USG's copyrighted material. These narrow categories of documents should be easy to identify, as they support claims central to this litigation.

      The Court also finds that requiring USG to identify responsive documents by their Bates number is appropriate given that USG's recent 32,447-page disclosure does not meet Rule 34 standards. First, Rule 34 requires discovery to be produced in a "reasonably usable form." For large electronic disclosures, this means that the materials must be "searchable and/or sortable by metadata fields." *See Hansen v. Country Mutual Ins. Co.*, No. 18 CV 244, 2021 WL 353885, at *3 (N.D.Ill. Feb. 2, 2021) (citing *Johnson v. Italian Shoemakers, Inc.*, No. 3:17-cv-00740-FDW-DSC, 2018 WL 5266853, at *2 (W.D.N.C. Oct. 23, 2018)). According to Ectek, USG's voluminous disclosure is not searchable by electronic means. (Dckt. #153 at p. 5).

      Second, Rule 34(b) requires that a party producing documents for inspection must "'produce them as they are kept in the usual course of business' or 'organize and label them to

correspond with the categories in the request.'" *American Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 410 (N.D.Ill. 2007) (quoting Fed.R.Civ.P. 34(b)). The rule is designed to preclude litigants from "deliberately mixing critical documents with masses of other documents to hide their existence or obscure their significance." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 363 (N.D.Ill. 2005) (noting that parties "are not at liberty under federal discovery rules to dump massive amounts of documents, which . . . have no logical order to them . . . on their adversaries and demand that they try to find what they are looking for.") (internal quotations omitted).

   Although the Court appreciates the "significant amount of effort" USG's counsel spent "in culling 60,000 documents down to the approximately 7,600 documents it ultimately produced," (Dckt. #158 at 2), USG does not dispute Ectek's assertion that the documents are not text searchable. Nor does USG claim that it either produced the documents as they were kept in the usual course of business or provided any sort of index that might direct Ectek to the documents it seeks. Moreover, the fact that USG's documents were sent in sixty-seven different folders, each of which is capable of being downloaded individually, (Dckt. #158 at 2), is insufficient. *See Graske v. Auto Owners Ins. Co.*, 647 F.Supp.2d 1105, 1108 (D.Neb. 2009) (finding the party's disclosure insufficient when "the documents were not accompanied by any indices or other tool to guide . . . [the opposing party] to the responsive documents"); *Transportes Aereos De Angola v. Ronair, Inc.*, 104 F.R.D. 482, 499 (D.Del. 1985) ("The court will not permit defendants to shift the burden of discovery by telling plaintiff that, if he wishes, he may hunt through all the documents and find the information for himself.") (internal quotations omitted).

6

By April 29, 2022, USG must disclose and identify by Bates number any information or documents supporting the claims in its SAC that Ectek (1) continues to make false and misleading statements to potential purchasers of Armoroc regarding [Armoroc]," (Dckt. #132 at 5), "continues to make verbal representations to architects, building owners and other end users of Armoroc to the effect that Armoroc is non-combustible," (*Id.* at 6) and that Ectek "provides . . . [a document infringing USG's copyright] to potential purchasers of Armoroc," (*Id.* at 4). If no such information or documents are within USG's possession, custody, or control, USG must provide a sworn certification to that effect. *See, e.g., Hansen v. Country Mut. Ins. Co.*, No. 18 CV 244, 2020 WL 5763588, at *3 (N.D.Ill. Sept. 28, 2020) (ordering certification of compliance with discovery order) (citing cases).

**B.     USG need not disclose the settlement agreement with Ameriform, or any subsequent communications related to the settlement agreement.**

Ectek also asks that the Court order USG to disclose "the settlement agreement between USG and Ameriform pertaining to Armoroc, and any subsequent communications between the parties about compliance with that agreement." (Dckt. #153 at 10). Ectek argues that these documents are responsive to two of its discovery requests:

> **Interrogatory No. 9**: Describe USG's business relationship with Ameriform and identify all documents which spell out, memorialize, or otherwise relate to that business relationship.
>
> **Request for Production No. 15**: All Documents which show, concern, evidence, relate, or refer to communications between USG and third parties located in the United States relating to ECTEK or ARMOROC.

The Court finds that the settlement agreement between USG and Ameriform does not fall within the scope of either request. Even if it did, the Court declines to find that USG waived its relevancy argument and agrees with USG that the settlement agreement is not sufficiently relevant to either party's claims or defenses to be discoverable.

"A party moving to compel production carries the initial burden of establishing, with specificity, that the requested documents are relevant." *Greenbank v. Great Am. Assurance Co.*, No. 3:18-cv-00239-SEB-MPB, 2019 WL 6522885, at *3 (S.D.Ind. Dec. 4, 2019). Ectek asserts that this settlement-related information is relevant because "the terms of the settlement agreement between USG and Ameriform may be fatal to USG's claim against Ectek." (Dckt. #153 at 10). However, the Court does not see how an agreement between USG and Ameriform could have any impact on USG's remaining claims that *Ectek* is actively misrepresenting Armoroc to American consumers and infringing upon USG's copyright (or is likely to do so in the future). Because Ectek does not elaborate on its theory and the Court cannot infer any reason these documents would be relevant, USG need not produce the settlement agreement or related communications.

      C.     **USG must disclose and/or identify certain documents related to New York City Department of Buildings Materials and Equipment Acceptances #409-07-M.**

Finally, Ectek asserts that USG must supplement its response to Request for Production No. 14, which seeks "[a]ll Documents which show, concern, evidence, relate, or refer to NYC MEA #409-07-M." The request refers to the New York City Department of Buildings Materials and Equipment Acceptances ("MEA") certification "that allowed for the use of Armoroc within New York City limits in situations 'where the New York City Building Code requires non-combustibility.'" (Dckt. #132 at 8).

The New York MEA is clearly relevant to USG's claims, as USG specifically alleges that: (1) Ectek "has represented in jurisdictions all over the United States that Armoroc is and has been considered 'non-combustible' in New York City," and (2) the MEA under which Armoroc would be considered non-combustible is "long-defunct." (Dckt. #132 at 7-8). The request is

8

also relevant to Ectek's counterclaim, which alleges that USG has misled consumers by spreading false claims that: USG's panel product was the only "non-combustible" product on the market, the ASTM E136 test is a universally mandated test for combustibility, and Armoroc could never be used in construction requiring non-combustible materials. (Dckt. #24 at 5).

Although Request No. 14 clearly calls for the production of documents that are relevant to the parties' claims or defenses, the Court agrees with USG that the request is overbroad as worded. Accordingly, the Court limits the request to align more closely with the parties' claims, just as it did when granting *USG's* recent request for information regarding *Ectek's* communications about the same MEA. (Dckt. #157). USG must disclose documents or communications supporting USG's claim that Ectek has represented that Armoroc is "non-combustible" in New York City as well as documents or communications supporting USG's claim that NYC MEA #409-07-M is defunct. USG must also disclose documents or communications produced or circulated by USG wherein USG made any of the following claims: (1) that NYC MEA #409-07-M is defunct or invalid; (2) that NYC MEA #409-07-M *should be* deemed invalid; and (3) that Armoroc is or should be considered combustible in New York City. This includes documents reflecting any efforts by USG to seek any administrative remedy from the NYC Department of Buildings with respect to the Armoroc MEA.

USG believes that it has produced all documents relevant to this request – as narrowed above – in its April 2 production because the term "409-07-M" was one of the search terms it used for its ESI production. (Dckt. #158 at 9). By April 29, 2022, USG is ordered to provide Ectek with the corresponding Bates numbers for all of the documents it produced that are responsive to this request for the same reasons outlined in Section III(A).

9

## CONCLUSION

For the foregoing reasons, defendant's motion to compel is granted in part and denied in part. By April 29, 2022, plaintiff must comply with the directives stated within this Memorandum Opinion and Order and file a sworn certification with this Court by May 2, 2022 verifying its compliance. Defendant's motion to compel is otherwise denied.

**Dated: April 21, 2022**

_____
**Jeffrey I. Cummings**
**United States Magistrate Judge**